United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Edgar Perea, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-62136-Civ-Scola |
| The Seminole Tribe of Florida, | ) |
| Robert Betz, Defendants. | ) |
| | ) |

**Order to Show Cause**

This matter is before the Court on an independent review of the record. Plaintiff filed this three count personal injury action in Florida state court against the Seminole Tribe of Florida (the "Tribe") and Robert Betz ("Betz," collectively "Defendants"), a police officer for the Tribe. (ECF No. 1-2.) The Tribe was served with the complaint on July 19, 2018, and removed the action to this Court on September 11, 2018, over seven weeks later. (ECF No. 1.) In the notice of removal, the Tribe asserts that removal is proper under 28 U.S.C. §1442(a)(1)[1] because this is an "action against a federal agency or its employees." (ECF No. 1 at 2.) The Tribe further argues that "[t]he United States denies the claims and respectfully states that jurisdiction of personal injury actions can only be brought against the United States in United States District Courtland, [sic] under the Federal Tort Claims Act." (*Id.*)

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). As the removing party, the Tribe bears the burden of establishing federal jurisdiction. *See Williams v. Best Buy, Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In reviewing the record, the Court is uncertain whether federal subject matter jurisdiction exists over this action. While section 1442(a)(1) permits removal of actions against the United States and its officers and agents, the United States is not a party to this action, regardless of

---

[1] That statute permits removal of state court actions initiated against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for apprehension or punishment of criminal or the collection of revenue." 28 U.S.C. §1442(a)(1).

the Tribe's representation by the United States Attorneys' Office. In addition, the notice of removal includes no authority supporting the Tribe's assertion that the Defendants fall within section 1442(a)(1), and the Court located no such authority either through its independent research. *See Ute Indian Tribe of the Uintah & Ouray Reservation v. Ute Distr. Corp.*, 455 F. App'x 856, 862 (10th Cir. 2012).

Accordingly, by **September 21, 2018,** the Tribe is ordered to show cause as to why this case should not be remanded for lack of subject matter jurisdiction. Failure to respond by that time will result in this case being remanded to the state court without further notice. The Court notes that counsel did not sign the notice of removal, and instructs that all future filings in this case shall be signed in accordance with Rule 11. *See* Fed. R. Civ. P. 11(a).

**Done and ordered** in chambers in Miami, Florida, on September 13, 2018.

Robert N. Scola, Jr.
United States District Judge