United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Edgar Perea, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-62136-Civ-Scola |
| The Seminole Tribe of Florida, | ) |
| Robert Betz, Defendants. | ) |
| | ) |

## **Opinion Order Remanding Case**

This matter is before the Court on an independent review of the record. The Plaintiff Edgar Perea filed this three-count personal injury action in Florida state court against the Seminole Tribe of Florida (the "Tribe") and Robert Betz ("Betz," collectively the "Defendants"), a police officer for the Tribe. (ECF No. 1-2.) The Tribe was served with the complaint on July 19, 2018, and removed the action to this Court on September 11, 2018, over seven weeks later. (ECF No. 1.) In the notice of removal, the Defendants assert that removal is proper under 28 U.S.C. § 1442(a)(1)[1] because this is an "action against a federal agency or its employees." (ECF No. 1 at p. 2.) The Defendants further argue that "[t]he United States denies the claims and respectfully states that jurisdiction of personal injury actions can only be brought against the United States in United States District Courtland, [sic] under the Federal Tort Claims Act." (*Id.*)

Because the United States is not a party to this action, the Court ordered the Defendants to show cause as to why the case should not be remanded for lack of subject matter jurisdiction. (ECF No. 8.) In response to that order, the Defendants asserted that Betz was employed by the Tribe under a self-determination contract between the Tribe and United States Department of the Interior, was acting within the scope of that employment when the accident at issue occurred, and is therefore a federal employee under the Indian Self-

---

[1] That statute permits removal of actions pending in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for apprehension or punishment of criminal or the collection of revenue." 28 U.S.C. § 1442(a)(1).

Determination and Education Assistance Act, 25 U.S.C. § 5321. (ECF No. 13 at pp. 1-3 (arguing that "[i]ndividuals employed by Indian tribes pursuant to the Indian Self-Determination and Education Assistance Act contractors are deemed employees of the Bureau of Indian Affairs, a federal agency," and citing *Colbert v. United States*, 785 F.3d 1384, 1389-93 (11th Cir. 2015).)

Defendants later moved to dismiss under the Federal Tort Claims Act, (ECF No. 11), to which the Plaintiff responded and argued for remand, (ECF No. 18). The Court granted three enlargements of time for the Defendants to file a reply brief in support of their motion to dismiss. (ECF No. 18, 20, 24.) In the third request for enlargement, the Defendants sought thirty additional days, up to November 28, 2018, "to present documentation to the Court on the issues of whether the United States should be substituted as the defendant in this case for Officer Betz," and in doing so essentially admitted that the Defendants do not know whether a federal officer is in fact a defendant to this case. (ECF No. 24 at p. 4 ("If the government determines that a [self-determination] contract was in effect at the time of the accident and if a determination is made that Officer Betz was acting within the course and scope of his employment as a law enforcement officer under this contract, the United States Attorney **may** execute a declaration certifying that Mr. Betz is deemed to be an employee of the United States, acting within the course and scope of his employment at the time of the accident. If such a certification is executed, the undersigned Assistant U.S. Attorney, on behalf of the United States, would seek to substitute the United States for Officer Betz as the defendant in this lawsuit.") (emphasis added; citations omitted).) A reply brief was not filed by that date, and the Defendants did not seek a fourth extension of time to so file.

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). "The existence of federal jurisdiction is tested at the time of removal," *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008), and "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411-12 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* at 411; *see also Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.").

The Defendants have not met their burden of establishing federal jurisdiction in this case. The notice of removal ties federal jurisdiction in this case to Betz's status as a federal officer at the time of the underlying accident. But this case was removed three months ago and the United States has not

substituted itself as the defendant and admits that it may never do so. (ECF No. 24 at p. 4.) Federal subject matter jurisdiction is determined at the time of removal, and the Defendants did not establish at that time—or in the three months since—that Betz is a federal officer. *Adventure Outdoors*, 552 F.3d at 1294-95. On this record, the Court cannot find that federal officer jurisdiction exists in this case. *See Russell Corp.*, 264 F.3d at 1050 ("[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.").

In sum, the Court **remands** this case to the Florida state court. All pending motions are **denied as moot**. The Clerk is instructed to **close** this case and take all necessary steps to ensure prompt remand and transfer of this file. All pending motions, if any, are **denied as moot**.

**Done and ordered** in chambers in Miami, Florida, on December 4, 2018.

Robert N. Scola, Jr.
United States District Judge